## THE PEOPLE *v.* MOURA.

### APPEAL from the District Court of Ponce.

No. 47.—Decided December 15, 1903.

APPEAL —MISDEMEANOR.—When a crime punishable by imprisonment in the penitentiary is also punishable by a fine or imprisonment in jail in the discretion of the court, a judgment imposing a punishment therefor other than imprisonment in the penitentiary shall be deemed a misdemeanor for every purpose after judgment, from which no appeal lies to the Supreme Court.

### STATEMENT OF THE CASE.

This case is pending before us on appeal taken from the

contra sentencia de la Corte de Distrito de Ponce en causa seguida á Antonio Moura, por delito de acometimiento con arma mortífera.

*Resultando* : que el Fiscal de la Corte de Distrito de Ponce con fecha quince de Junio último formuló acusación debidamente jurada contra Antonio Moura por el delito grave de acometimiento con arma mortífera comprendido en el Artículo 237 del Código Penal y habiendo sido juzgado por el Tribunal de dicho Distrito le condenó éste por sentencia de veinte de Julio siguiente á la pena de seis meses de Cárcel y al pago de las costas.

*Resultando* : que contra esa sentencia interpuso la representación del acusado recurso de apelación que le fué admitido y que ha sido tramitado debidamente en esta Corte Suprema habiéndolo impugnado el Ministerio Fiscal por ser inadmisible sin que haya comparecido la parte recurrente.

Abogado del apelado: *Sr. del Toro,* Fiscal.

La parte apelante no compareció.

## OPINIÓN DEL TRIBUNAL.

*Considerando* : que según el Artículo 237 del Código Penal la persona culpable de acometimiento con arma mortífera incurrirá en la pena de presidio por un término máximo de diez años, ó cárcel por un término máximo de dos años ó multa máxima de cinco mil dollars ó ambas penas; y que según el Artículo 14 del mismo Código, cuando un delito castigable con pena de Presidio, apareja también la de multa ó cárcel, á discreción del Tribunal, se considerará "Misdemeanor" para todos los efectos, después de dictada sentencia imponiendo una pena que no fuere de Presidio.

*Considerando* : que el recurso de apelación solo cabe en proceso criminal en persecución de un delito muy grave (felony) con arreglo al Artículo 345 del Código de Enjuicia-

judgment of the District Court of Ponce in proceedings instituted against Antonio Moura for the crime of assault with a deadly weapon.

The *Fiscal* of the District Court of Ponce, under date of June 15, last, filed a duly sworn information against Antonio Moura, charging him with the crime of assault with a deadly weapon, included under section 237 of the Penal Code, and Moura having been tried by the court of said district, he was sentenced on the 20th of the following month of July to six months of imprisonment in jail and to pay the costs.

From this sentence counsel for defendant took an appeal which was allowed and duly heard in this Supreme Court, said appeal being contested by the Attorney General, on the ground that it was inadmissible. The appellant failed to appear.

*Mr. del Toro, Fiscal,* for respondent.

The appellant did not appear.

### OPINION OF THE COURT.

According to section 237 of the Penal Code, a person guilty of assault with a deadly weapon is punishable by imprisonment in the penitentiary not exceeding ten years, or in jail, not exceeding two years, or by a fine not exceeding five thousand dollars, or by both; and according to section 14 of the same Code, when a crime punishable by imprisonment in the penitentiary is also punishable by fine or imprisonment in jail in the discretion of the court, it shall be deemed a misdemeanor for all purposes, after a judgment imposing a punishment other than imprisonment in the penitentiary.

An appeal lies only in a criminal action amounting to a felony, according to section 345 of the Code of Criminal Procedure; and inasmuch as the crime for which the convict,

miento Criminal y que debiendo reputarse "Misdemeanor" por lo que se deja expuesto para todos los efectos legales el delito por el cual ha sido penado Antonio Moura es improcedente el recurso interpuesto.

Vistos los textos legales citados. Se desestima el recurso de apelación interpuesto por Antonio Moura contra la sentencia que dictó el Tribunal de Distrito de Ponce en veinte de Julio último con las costas al recurrente y remítase copia certificada de esta resolución al expresado Tribunal á los fines procedentes.

*Desestimada.*

Jueces concurrentes, Sres. Presidente Quiñones, y Asociados Hernandez, Figueras, Sulzbacher y MacLeary.

---

## EL PUEBLO *v* MARTINEZ.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 30.—Resuelto en Diciembre 15, 1903.

HURTO.—HURTO DE USO.—La jurisprudencia americana no reconoce distinción alguna entre el hurto *del uso de una cosa y el hurto de la cosa misma.*

ID.—El acusado en este caso según la prueba aportada al juicio, sustrajo un caballo que se encontraba en la finca de su dueño y se presume que se trasladó en él á un pueblo cercano. *Se resolvió:* que estos hechos brindan suficientes elementos para constituir el delito de hurto, y deducir la intención criminal del acusado, á falta de prueba que justificara que no tuvo intención de apropiarse el caballo definitivamente.

### EXPOSICIÓN DEL CASO.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Ramos* (José C.).

Abogado del apelado: *Sr. del Toro* (Fiscal).

EL JUEZ ASOCIADO SR MACLEARY emitió la siguiente opinión del Tribunal:

Este es un caso claro de hurto de caballo. El recurrente

Antonio Moura has been punished, must be deemed a misde-
meanor for all the purposes of law as above set forth the
appeal taken does not lie.

In view of the legal authorities cited, the appeal taken by
Antonio Moura from the judgment rendered by the District
Court of Ponce, July 20, 1903, is dismissed, with costs against
the appellant.

A certified copy of this decision is ordered to be forward-
ed to aforesaid court for compliance therewith.

*Dismissed.*

Chief Justice Quiñones and Justices Hernández, Figue-
ras, Sulzbacher and MacLeary concurred.